### UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 1871

### TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in the 57 actions listed on Schedule A, 52 pending in the Northern District of California, four pending in the Southern District of Illinois, and one pending in the Central District of California, move to vacate our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 1871. Responding defendant GlaxoSmithKline LLC (GSK) opposes the motions.

In their motions to vacate, plaintiffs principally cite that they have moved for remand to state court, and that those motions remain pending. As we frequently have held, however, the pendency of a remand motion is not, as a general matter, a sufficient reason to delay or deny transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

The California plaintiffs argue that the situation with respect to their remand motions is sufficiently different that vacatur is warranted. In all the California actions, plaintiffs have sued not only GSK but also McKesson Corporation (McKesson), which has its principal place of business in California. In removing those actions, GSK has contended, *inter alia*, that McKesson is fraudulently joined as a defendant. Plaintiffs point out that the transferee judge, the Honorable Cynthia M. Rufe previously has remanded other actions in the MDL to California state court, finding that McKesson was <u>not</u> fraudulently joined.[1] Plaintiffs thus argue that remand of their actions is a foregone conclusion, and that transfer would result only in delay. We find this argument unpersuasive, as we do not have the authority to determine the applicability of a transferee judge's ruling in one case to other arguably similar cases.[2]

---

[*]     Judge Marjorie O. Rendell and Judge Sarah S. Vance took no part in the decision of this matter.

[1]     *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 417-21 (E.D. Pa. 2009).

[2]     *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide . . . issues relating to a motion to remand"). We note that the California actions before us

(continued...)

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 10/3/13

ATTEST: [signature]

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

- 2 -

Plaintiffs also argue that they would be inconvenienced by transfer, as at least some of them are residents of either California or Illinois. As we have explained, however, in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of the parties to a given case or cases. *See, e.g., In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). Furthermore, because Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003).

After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 1871, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Pennsylvania was an appropriate Section 1407 forum for actions involving factual questions "aris[ing] from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 528 F. Supp. 2d 1339, 1340-41 (J.P.M.L. 2007). Plaintiffs do not dispute that their actions share multiple factual issues with those already in the MDL.

---

[2](...continued)
were removed not only on diversity grounds but also on the grounds that they are "mass actions" as defined in the Class Action Fairness Act (CAFA). *See* 28 U.S.C. § 1332(d)(11). Our review of Judge Rufe's earlier ruling indicates that the subject actions were not removed on CAFA mass action grounds. The California plaintiffs point out that CAFA prohibits Section 1407 transfer of an action removed on  mass action grounds, absent a request by a majority of the plaintiffs therein. *See* 28 U.S.C. § 1332(d)(11)(C)(i). As we have held, however, that prohibition is not an impediment to transfer where, as here, another ground for federal jurisdiction is asserted in the notice of removal. *See In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, — F. Supp. 2d —, 2013 WL 1635469, at *4 (J.P.M.L. Apr. 17, 2013).

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                    Paul J. Barbadoro
Charles R. Breyer                    Lewis A. Kaplan

**IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**                    MDL No. 1871

## SCHEDULE A

### Central District of California

John Syrek, et al. v. SmithKline Beecham Corporation, et al., C.A. No. 8:13-00987

### Northern District of California

Alyssa Anderson, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03042
Bessie Buckley, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03043
Renetta Barnes, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03047
Jo-Mar Adkins, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03048
Paula Ackerman, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03049
Tauheedah Aleem, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03051
Raymond E. Esche, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03062
Donna Allen, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03063
Osey Joshlin, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03065
Charles Allender, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03068
Audie Dadus, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03069
Mike Albayrak, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03095
Sylvia J. Summa, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03097
Henry Adams, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03102
Mary Anderson, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03104
Vanessa Allen, et al. v. McKesson Corporation, et al., C.A. No.3:13-03110
Janice Aud, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03111
Loretta Alvarez, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03112
Wilma Hargrove, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03114
Melissa Poff, et al. v. McKesson Corporation, et al., C.A. No.3:13-03115
Maxio Alvarez, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03116
Rosalynn Alaimalo, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03146
Steven Brock, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03149
Santiago Flores, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03153
Bobby Butler, et al. v. McKesson Corporation, et al., C.A. No.3:13-03154
Shukry Messih, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03155
Esther Ortiz, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03159
Eugene Parks, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03162
Linda Dudley, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03168
Dorothy Jones, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03170
Ronald Fortune, et al. v. McKesson Corporation, et al., C.A. No. 3:13-03172

**MDL No. 1871 Schedule A (continued)**

- A2 -

<u>Northern District of California</u> (continued)

Latresha Harrison, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03045
James Fields, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03050
Melissa Ball, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03053
Vickie Aaron, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03054
Margaret Arvizu, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03064
Willie Allen, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03066
Carlos Tarango, et al. v. GlaxoSmithKline LLC, et al., C.A. No. 4:13-03070
Samona Myers, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03096
Frank Pandolfo, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03100
Eva Lamb, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03101
Clarissa August, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03103
Elizabeth Pacheco, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03107
JoAnne West, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03109
Margarita Cruz, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03150
Patricia Boreni, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03152
Johnnie Johnson, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03158
Oscar Torres, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03160
Yaqub Yaqub, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03161
Manuel Zavala, Jr., et al. v. McKesson Corporation, et al., C.A. No. 4:13-03163
Sylvia Muniz, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03171
Marvin Ashley, et al. v. McKesson Corporation, et al., C.A. No. 4:13-03173

<u>Southern District of Illinois</u>

Richard Jamison, et al. v. SmithKline Beecham Corporation, C.A. No. 3:13-00677
Adell Font, et al. v. SmithKline Beecham Corporation, C.A. No. 3:13-00678
Terence Williams, et al. v. SmithKline Beecham Corporation, C.A. No. 3:13-00680
George Ira Carroll, et al. v. SmithKline Beecham Corporation, C.A. No. 3:13-00685